UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD A. BROWN, SR., | Case No. 2:23-cv-00556-JAD-EJY |
| Plaintiff, | **ORDER and** |
| v. | **REPORT AND RECOMMENDATION**<br>**Re: ECF Nos. 1, 4** |
| AMERICAN HOMES 4 RENT, *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiffs Ronald A. Brown, Sr. and Tonya L. Brown's *in forma pauperis* application and Complaint ECF Nos. 1, 4.[1]  Plaintiffs' application to proceed *in forma pauperis* is complete and granted below.

I.      **SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  However, *pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the

---

[1]      The Court notes that Plaintiffs' initial Complaint (ECF No. 1-1) is attached to Plaintiffs' *in forma pauperis* application.  On April 18, 2023, Plaintiffs filed an Amended Complaint (ECF No. 4), which supersedes the original complaint.

1    complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103,

2    1106 (9th Cir. 1995).

3        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v.*

4    *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the

5    court treats all material factual allegations as true and construes these facts in the light most favorable

6    to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the

7    standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead

8    more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

9    A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

10       Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack

11   an arguable basis either in law or in fact. This includes claims based on legal conclusions that are

12   untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

13   scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d

14   795, 798 (9th Cir. 1991).

15   **II.      DISCUSSION**

16       A.      Plaintiff's Amended Complaint.

17       Plaintiffs, residents of Pickerington, Ohio, identify American Homes 4 Rent ("AHR"), its

18   Chief Executive Officer David Singelyn, Towne Properties (sometimes "Towne"), and Towne

19   Properties Regional Vice President Kim Brown as Defendants. ECF No. 4 at 1. AHR and Mr.

20   Singelyn are identified as Nevada residents, while Towne Properties and Ms. Brown are identified

21   as Ohio residents. *Id.* Liberally construed, Plaintiffs assert causes of action against all Defendants

22   under 18 U.S.C. § 2261A and 42 U.S.C. § 3601 et seq. *Id.*

23       Plaintiffs allege Plaintiff Ronald Brown suffered a stroke in 2018 causing severe impairments

24   to the right side of his body leaving him disabled. ECF No. 4-1 at 1. Within ninety days of moving

25   in to their apartment operated by Towne Properties, Plaintiffs say they requested two

26   accommodations to address Mr. Brown's disability. These included an elongated toilet and a left-

27   sided banister in the house's stairway. *Id.* Plaintiffs say the requests were denied. *Id.*

28

In September 2021, Plaintiffs contend a neighbor harassed Plaintiffs when they attempted to place artificial ivy around the walkway of their front porch by stating: "That is not allowed." *Id.* Plaintiffs claim that after this incident was resolved, Plaintiffs notified AHR of the neighbor's conduct, but AHR did not file a complaint with Towne as AHR was allegedly supposed to do under the lease. *Id.* Two months after Plaintiffs put up the ivy, Towne Properties ordered Plaintiffs to remove it threatening fines or legal action if they did not comply. *Id.* Although Plaintiffs complain they were never provided a copy of Towne Properties' bylaws (as required under their lease), Plaintiffs took down the ivy. *Id.* Shortly thereafter Plaintiffs provided AHR and Towne Properties with a Quitclaim Deed allegedly demonstrating Defendants had no right to prevent Plaintiffs from putting up artificial ivy on the property. *Id.* Plaintiffs say Defendants did not respond and could not supply any documentation in support of their prior position. *Id.*

Plaintiffs also contend shrubs in the rear of their property could not be removed under Towne Properties' bylaws, but were removed anyway with no explanation given by Towne or AHR. ECF No. 4-2 at 1. In February 2022 Plaintiffs contend they requested rental assistance from a local community action center. *Id.* AHR purportedly told Plaintiffs there would be a 60 day hold on their rental payments while their application was pending, but AHR filed for eviction against Plaintiffs before the sixty day period expired. *Id.* Plaintiffs state the filing of the eviction notice against them has made it challenging to rent anywhere else. *Id.* Plaintiffs say that in September 2022, they contacted the Towne Properties' manager and requested a transfer to a different neighborhood because of continued harassment, but the request was ignored. *Id.* Finally, Plaintiffs contend they have been billed for rental insurance by AHR even though they told AHR multiple times they have their own. Plaintiffs again say their communications with AHR were ignored. *Id.*

Plaintiffs accuse AHR, whose corporate office is in Las Vegas, and Towne Properties, located in Ohio, of condoning the unlawful stalking and harassment described in the Amended Complaint. ECF No. 4-1 at 1. Plaintiffs request the following forms of relief: (1) AHR be ordered to pay Plaintiffs general damages in the amount of $3,000,000; (2) Towne Properties be ordered to pay Plaintiffs general damages in the amount of $2,000,000; (3) AHR be ordered to remove Plaintiffs' eviction record from the Fairfield County (Ohio) court records; and (4) an injunction be

1    imposed to prohibit Defendants from taking any adverse action against Plaintiffs without leave of

2    this Court.  ECF No. 4-2 at 1.

3          B.      The Court Recommends Dismissal with Prejudice of Plaintiff's Claims under 18
               U.S.C. § 2261A.
4

5          Section 2261A of United States Code 18 creates a federal criminal offense for cyberstalking,

6    including "harassing and intimidating conduct."  *See United States v. Osinger*, 753 F.3d 939, 944

7    (9th Cir. 2014).  There is no private right of action under the statute and, therefore, no remedy for

8    civil litigants.  *Cain v. Christine Valmy International Sch.*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016)

9    ("Case law is also unanimous that no private right of action is available under § 2261A.") (citations

10   omitted.  *See also Randazza v. Cox*, Case No. 2:12-CV-2040-JAD, 2014 WL 2123228, at \*4 (D.

11   Nev. May 21, 2014); *Kruska v. Perverted Justice Foundation Incorporated Org.*, Case No. CV-08-

12   00054-PHX-SMM, 2010 WL 4791666, at \*8 (D. Ariz. Nov. 18, 2010).  Because Plaintiffs cannot

13   state a claim under 18 U.S.C. § 2261A, the Court recommends this claim be dismissed with

14   prejudice.

15         C.      Plaintiffs Fail to Plead Facts Establishing Personal Jurisdiction Over Town Properties
               and Kim Brown.
16

17         Plaintiff fails to plead facts establishing the U.S. District Court for the District of Nevada can

18   exercise personal jurisdiction over Defendants Towne Properties or Kim Brown.   Personal

19   jurisdiction is established when "(1) provided for by law; and (2) the exercise of jurisdiction

20   comports with due process."  *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290

21   (D. Nev. 2016), *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980).

22   "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum

23   state."  *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where a state, such as

24   Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due

25   Process Clause of the Fourteenth Amendment, a court need only address federal due process

26   standards."  *Id*. *citing Arbella Mutual Insurance Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710,

27   712 (Nev. 2006), *citing* NRS § 14.065; *Boschetto*, 539 F.3d at 1015.  Under this standard, a defendant

28   must generally have "certain minimum contacts" with the forum state before personal jurisdiction

1    will be established.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal

2    jurisdiction over a party may be established through general or specific jurisdiction.  *Boschetto*, 539

3    F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414

4    (1984).

5         Here, Plaintiff pleads Towne Properties and Kim Brown are residents of Ohio.  ECF No. 4

6    at 1.  Plaintiffs do not plead facts demonstrating either Towne or Kim Brown had minimum contacts

7    with Nevada.  In fact, Plaintiffs fail to allege any event or transaction of any kind related to this case

8    occurred in the State of Nevada; rather, Plaintiffs plead all of the events at issue occurred in Ohio.

9    ECF No. 4-1 at 1.  Plaintiff only reference Nevada when alleging AHR's corporate offices are located

10   in Las Vegas.  *Id*.  Because Plaintiff fails to plead facts establishing the proper exercise of personal

11   jurisdiction over Towne Properties and Kim Brown, the Court recommends Plaintiffs' claims

12   asserted against these Defendants be dismissed without prejudice and with leave to amend.

13        D.    <u>The Court Recommends Plaintiffs' Claim Under the Fair Housing Act Against
             Defendant David Singelyn be Dismissed With Prejudice</u>.

14

15        The United States Supreme Court has held that, for purposes of discrimination claims under

16   the Fair Housing Act ("FHA"), traditional rules of vicarious liability apply and "it is the corporation,

17   *not its owner or officer*, who is the principal or employer, and thus subject to vicarious liability for

18   torts committed by its employees or agents."  *Meyer v. Holley*, 537 U.S. 280, 286 (2003) (emphasis

19   added).  Thus, no individual liability lies against Mr. Singelyn and, for this reason, Plaintiffs' claims

20   under the FHA against Mr. Singelyn should be dismissed with prejudice.

21        E.    <u>The Court Recommends Plaintiffs' Claim Under the Fair Housing Act Against
             Defendant AHR be Dismissed Without Prejudice and With Leave to Amend</u>.

22

23        Section 3604 of the FHA prohibits discrimination in the rental of housing based on disability.

24   42 U.S.C. § 3604(f)(2).  Under the statute it is unlawful to discriminate "against any person in the

25   terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or

26   facilities in connection with such dwelling, because of a [disability] of that person."  42 U.S.C. §

27   3604(f)(2)(A). Such discrimination includes "a refusal to make reasonable accommodations in rules,

28   policies, practices, or services, when such accommodations may be necessary to afford [a disabled]

1    person equal opportunity to use and enjoy a dwelling … ." 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. §

2    100.204. "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case

3    determination." *United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374,

4    1380 (9th Cir.1997) (citations omitted). "The FHA does not demand that housing providers

5    immediately grant all requests for accommodation." *Bhogaita v. Altamonte Heights Condominium*

6    *Ass'n, Inc.*, 765 F.3d 1277, 1285-86 (11th Cir. 2014). A housing provider has "an opportunity to

7    make a final decision…, which necessarily includes the ability to conduct a meaningful review to

8    determine whether the FHA requires the requested accommodation." *Id.* at 1286.

9         To state a claim of FHA disability discrimination Plaintiffs must allege sufficient facts

10    demonstrating: (1) they are disabled "within the meaning of 42 U.S.C. § 3602(h)"; (2) Defendants

11    "knew or should reasonably be expected to know of" Plaintiff's disability; (3) the requested

12    accommodation "may be necessary to afford" Plaintiffs "an equal opportunity to use and enjoy the

13    dwelling"; (4) the accommodation request was "reasonable"; and (5) Defendants "refused to make

14    the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d

15    1175, 1179 (9th Cir. 2006); *see also* 42 U.S.C. § 3604(f)(3)(B).

16        Plaintiffs state their lease with AHR began on January 3, 2020, and that within ninety days

17    of moving in they made the requests for the accommodations. ECF Nos. 4, 4-1. Thus, the request

18    was made no later than April 2, 2020. Plaintiff filed their original complaint on April 13, 2023. ECF

19    No. 1-1. The FHA provides a two year statute of limitations that runs from "the occurrence or the

20    termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Statutes of

21    limitation "are intended to keep stale claims out of the courts." *Havens Realty Corp. v. Coleman*,

22    455 U.S. 363, 380, (1982). Further, the *Havens* Court stated "continuing violation" of the Fair

23    Housing Act should be treated differently from one discrete act of discrimination." *Id*. "[W]here a

24    plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of

25    the Act, but an unlawful practice that continues into the limitations period, the complaint is timely

26    when it is filed within 180 days of the last asserted occurrence of that practice." *Id*. at 380-81

27    (footnote omitted). As explained in *Silver State Fair Housing Council, Inc. v. ERGS, Inc.*, "[u]nder

28    the continuing violation doctrine, a plaintiff's complaint will not be time-barred if the defendant's

1   related wrongful acts continue into the statute of limitations time frame.  As a consequence, the

2   statute of limitations only begins to run ... upon the last act in a series of related wrongful acts."  362

3   F.Supp.2d 1218, 1221 (D. Nev. 2005) (citation omitted).  Therefore, there is an important distinction

4   between a continuing violation and ongoing effects from an original violation.  *Garcia v. Brockway*,

5   526 F.3d 456, 462 (9th Cir. 2008).  The  effects from that original discriminatory act are not enough

6   to reset the statute of limitations under the FHA.  *Id.* ("[a] continuing violation is occasioned by

7   continual unlawful acts, not by continual ill effects from an original violation.") (brackets in original;

8   internal citations omitted).

9       Plaintiffs' allegations, even liberally construed, describe a single discriminatory event—the

10  denial of requested accommodations sometime between January 3 and April 2, 2020.  Plaintiffs'

11  original complaint was filed on April 13, 2023, substantially more than two years after this

12  discriminatory event occurred.  Plaintiffs do not plead facts supporting the conclusion that there was

13  continuing discrimination based on disability.  Plaintiffs fail to plead facts supporting a subsequent

14  discriminatory act that would reset the two-year statute of limitations under the FHA.  In contrast,

15  the facts alleged demonstrate any harmful effects suffered by Plaintiffs are traceable to the

16  accommodation denial in early 2020, which is insufficient to reset the limitations clock.  *See Jafri v.*

17  *Chandler LLC*, 970 F.Supp.2d 852, 865 (N.D. Ill. 2013) ("[T]he continuing violation doctrine does

18  not apply if the only thing that occurred within the limitations period was the continuing harmful

19  effects felt by the plaintiff as a result of an allegedly discriminatory practice that had been completed

20  prior to the limitations period."), *citing Garcia*, 526 F.3d at 463.

21      Because Plaintiffs fail to plead an FHA disability discrimination claim the Court

22  recommends dismissal of this claim against AHR without prejudice but with leave to amend as

23  amendment is not necessarily futile.

24          F.      The Court Recommends Denying Supplemental Jurisdiction Over Plaintiffs'
                    Potential State Law Claims.
25

26      To the extent Plaintiffs accuse AHR and Mr. Singelyn of violating their lease agreement, this

27  claim arises under state law.  The Court can exercise jurisdiction over such claims only through

28  supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a); *Trustees of the Construction Industry and*

1    *Laborers Health & Welfare Trust v. Desert Valley Landscape Maintenance, Inc.*, 333 F.3d 923, 925

2    (9th Cir. 2003).  Here, however, Plaintiffs' allegations do not give rise to a cognizable claim under

3    federal law, which deprives the Court of the authority to consider any derivative state law claim that

4    Plaintiffs may have.  For this reason, the Court declines supplemental jurisdiction over Plaintiffs'

5    state law claims.

6    **III.    ORDER**

7          IT IS HEREBY ORDERED that Plaintiffs' Application for Leave to Proceed *in forma*

8    *pauperis* (ECF No. 1) is GRANTED.

9    **IV.    RECOMMENDATION**

10         IT IS HEREBY RECOMMENDED that Plaintiffs' claims under 18 U.S.C. § 2261A against

11   all Defendants be dismissed with prejudice as amendment would be futile.

12         IT IS FURTHER RECOMMENEED that Plaintiffs' claim against Defendant David Singelyn

13   under the Fair Housing Act be dismissed with prejudice as amendment would be futile.

14         IT IS FURTHER RECOMMENDED that Plaintiffs' claims under the Fair Housing Act

15   against Defendants Towne Properties and Kim Brown be dismissed without prejudice and with leave

16   to amend.

17         IT IS FURTHER RECOMMENEED that Plaintiffs' claim against Defendant American

18   Homes 4 Rent under the Fair Housing Act be dismissed without prejudice and with leave to amend.

19         IT IS FURTHER RECOMMENDED that Plaintiffs' state law claims be dismissed without

20   prejudice.  If Plaintiffs choose to file a second amended complaint (discussed below) they may also

21   choose to reassert their state law claims for consideration by the Court.

22          IT IS FURTHER RECOMMENDED that Plaintiffs be given **one** opportunity to file what

23   would be a second amended complaint addressing the deficiencies discussed above.  The second

24   amended complaint **must** be filed no later than **May 29, 2023**.  The second amended complaint must

25   be titled "SECOND AMENDED COMPLAINT" and must allege all facts and all claims Plaintiffs

26   seek to assert.  The Court cannot refer back to Plaintiffs' original Complaints when determining if

27   the second amended complaint states a claim.

28

IT IS FURTHER RECOMMENDED that Plaintiffs' failure to timely comply with this Recommendation may result in a further recommendation to dismiss this action in its entirety.

DATED this 24th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).