UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD A. BROWN, SR., *et al.*,

           Plaintiffs,

    v.

AMERICAN HOMES 4 RENT, *et al.*,

           Defendants.

Case No. 2:23-cv-00556-JAD-EJY

**REPORT AND RECOMMENDATION**
**Re: ECF No. 7**
**Plaintiffs' Second Amended Complaint**

This matter is before the Court for screening of Plaintiffs' Second Amended Complaint (the "SAC").[1] ECF No. 7. Plaintiffs were granted *in forma pauperis* status on April 24, 2023. ECF No. 5.

## I.    SCREENING THE COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the

---

[1]    Plaintiffs' original Complaint (ECF No. 1-1) was superseded by Plaintiffs' First Amended Complaint ("FAC") (ECF No. 4). ECF No. 5 at 1, fn. 1.

1   complaint that the deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103,

2   1106 (9th Cir. 1995).

3       Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *Chappel v.*

4   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  In making this determination, the

5   court treats all material factual allegations as true and construes these facts in the light most favorable

6   to the non-moving party.  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  While the

7   standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead

8   more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

9   A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

10      Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack

11   an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are

12   untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

13   scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d

14   795, 798 (9th Cir. 1991).

15   **II.    DISCUSSION**

16      A.    Plaintiff's SAC.

17      Plaintiffs, residents of Pickerington, Ohio, identify American Homes 4 Rent ("AHR"), its

18   Chief Executive Officer David Singelyn, Towne Properties (sometimes "Towne"), and Towne

19   Properties Regional Vice President Kim Brown as Defendants.  ECF No. 7 at 1.  AHR and Mr.

20   Singelyn are identified as Nevada residents, while Towne Properties and Ms. Brown are identified

21   as Ohio residents.  *Id.*  Liberally construed, Plaintiffs assert causes of action against all Defendants

22   under 42 U.S.C. § 3601 et seq.  *Id.*

23      Plaintiffs state that they entered into a lease with AHR on January 3, 2020, at which time an

24   agent of AHR "engaged in acts of sexual harassment and housing discrimination towards Plaintiffs."

25   *Id.*  Plaintiffs say Defendants made lease offers in amounts that corresponded to their wedding

26   anniversary and Mrs. Brown's birthdate.  *Id.* at 2.  Plaintiff also complain AHR left Mrs. Brown's

27   name off official correspondence in an act of disrespect.  *Id.*

28

2

Plaintiffs allege Plaintiff Ronald Brown suffered a stroke in 2018 causing severe impairments to his right side leaving him disabled. *Id.* at 2. Plaintiffs say that within ninety days of moving into their apartment, they requested an elongated toilet and a left-sided banister in the stairway to address Mr. Brown's disability. *Id.* Plaintiffs contend these requests were denied even though AHR knew Plaintiff Ronald Brown was disabled. *Id.*

Plaintiffs assert that in September 2021, a neighbor harassed Plaintiffs when they attempted to place artificial ivy around the walkway of their front porch by stating: "That is not allowed." *Id.* Plaintiffs claim that after this incident was resolved, Plaintiffs notified AHR of the neighbor's conduct but AHR did not file a complaint with Towne as AHR was allegedly supposed to do under the lease. *Id.* Two months after Plaintiffs put up the ivy, Towne Properties ordered Plaintiffs to remove it threatening fines or legal action if they did not comply. *Id.* Although Plaintiffs complain they were never provided a copy of Towne Properties' bylaws (as required under their lease), Plaintiffs took down the ivy. *Id.* Shortly thereafter Plaintiffs provided AHR and Towne Properties with a Quitclaim Deed allegedly demonstrating Defendants had no right to prevent Plaintiffs from putting up artificial ivy on the property. *Id.* Plaintiffs say Defendants did not respond and supplied nothing in support of their contrary position. *Id.*

Plaintiffs also contend that Towne Properties' bylaws prevented removal of shrubs in the rear of their property. *Id.* at 3. When the shrubs were removed no explanation was given by Towne or AHR. *Id.* In February 2022 Plaintiffs contend they requested rental assistance from a local community action center. *Id.* AHR purportedly told Plaintiffs there would be a 60 day hold on their rental payments while their application was pending, but AHR filed for eviction of Plaintiffs before the sixty day period expired. *Id.* Plaintiffs state the filing of the eviction notice made it challenging to rent anywhere else. *Id.* Plaintiffs say that in September 2022 they contacted the Towne Properties' manager to request a transfer to a different neighborhood because of continued harassment but they were ignored. *Id.* Finally, Plaintiffs contend they have been billed for rental insurance by AHR even though Plaintiffs told AHR multiple times they had their own insurance. Plaintiffs again say their communications with AHR were ignored. *Id.*

1  Plaintiffs accuse AHR, whose corporate office is in Nevada, and Towne Properties, located

2  in Ohio, of directly or indirectly allowing their rental business to be used as a vehicle for sexual

3  harassment and housing disability discrimination against Plaintiffs.  *Id.* at 2.  Plaintiffs request the

4  following forms of relief: (1) AHR be ordered to pay Plaintiffs general damages in the amount of

5  $3,000,000; (2) Towne Properties be ordered to pay Plaintiffs general damages in the amount of

6  $2,000,000; (3) AHR be ordered to remove Plaintiffs' eviction record from the Fairfield County

7  (Ohio) court records; and (4) an injunction be imposed to prohibit Defendants from taking any

8  adverse action against Plaintiffs without leave of this Court.  *Id.* at 3.

9  B.  <u>Plaintiffs Fail to Plead Facts Establishing Personal Jurisdiction Over Towne</u>

10  <u>Properties and Kim Brown</u>.

11  Personal jurisdiction is established when "(1) provided for by law; and (2) the exercise of

12  jurisdiction comports with due process."  *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp.

13  3d 1286, 1290 (D. Nev. 2016), *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th

14  Cir. 1980).  "When no federal statute governs personal jurisdiction, a federal court applies the law

15  of the forum state."  *Id. citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where a

16  state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted

17  by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due

18  process standards."  *Id. citing Arbella Mutual Insurance Co. v. Eighth Judicial Dist. Court*, 134 P.3d

19  710, 712 (Nev. 2006), *citing* NRS § 14.065; *Boschetto*, 539 F.3d at 1015.  Under this standard, a

20  defendant must generally have "certain minimum contacts" with the forum state before personal

21  jurisdiction will be established.  *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316

22  (1945).  Personal jurisdiction over a party may be established through general or specific jurisdiction.

23  *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

24  408, 413-414 (1984).

25  As was true in Plaintiffs' FAC, Plaintiffs fail to plead facts supporting the exercise of

26  personal jurisdiction over Towne and Kim Brown (identified as residents of Ohio).  Plaintiff assert

27  no facts demonstrating Towne or Kim Brown had any, let alone minimum, contacts with Nevada.

28  ECF No. 5 at 4-5.  In fact, all events at issue in this case appear to have taken place in Ohio.  In the

absence of facts supporting an exercise of personal jurisdiction over Towne Properties and Kim Brown, the Court recommends all claims against these defendants be dismissed with prejudice. Plaintiffs had the benefit of the Court's prior Screening Order (ECF No. 5) and failed to correct the deficiencies identified in their prior-filed complaint.

C.    The Court Recommends Plaintiffs' Claim Under the Fair Housing Act Against Defendant David Singelyn be Dismissed With Prejudice.

The United States Supreme Court holds traditional rules of vicarious liability apply to discrimination claims brought under the Fair Housing Act ("FHA"), which means "it is the corporation, not its owner or officer, who is … subject to vicarious liability for torts committed by its employees or agents." *Meyer v. Holley*, 537 U.S. 280, 286 (2003). Thus, no individual liability lies against Mr. Singelyn under the FHA. For this reason, Plaintiffs' claims under the FHA against Mr. Singelyn should be dismissed with prejudice.

D.    The Court Recommends Plaintiffs' Disability Discrimination Claim Under the Fair Housing Act Against Defendant AHR be Dismissed With Prejudice.

The FHA makes it unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling … because of a handicap of … that person …." 42 U.S.C. § 3604(f)(2)(A). This includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling …." 42 U.S.C. § 3604(f)(3)(B). "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1380 (9th Cir.1997) (citations omitted). "The FHA does not demand that housing providers immediately grant all requests for accommodation." *Bhogaita v. Altamonte Heights Condominium Ass'n, Inc.*, 765 F.3d 1277, 1285-86 (11th Cir. 2014). A housing provider has "an opportunity to make a final decision…, which necessarily includes the ability to conduct a meaningful review to determine whether the FHA requires the requested accommodation." *Id.* at 1286.

To state a claim of FHA disability discrimination Plaintiffs must allege sufficient facts demonstrating: (1) they are disabled "within the meaning of 42 U.S.C. § 3602(h)"; (2) Defendants "knew or should reasonably be expected to know of" Mr. Brown's disability; (3) the requested accommodation "may be necessary to afford" Plaintiffs "an equal opportunity to use and enjoy the dwelling"; (4) the accommodation request was "reasonable"; and (5) Defendants "refused to make the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *see also* 42 U.S.C. § 3604(f)(3)(B).

The FHA provides a two year statute of limitations that runs from "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Statutes of limitation "are intended to keep stale claims out of the courts." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380, (1982). Here, Plaintiffs state their lease with AHR began on January 3, 2020 and, within ninety days of moving in, they made a request for accommodations. ECF No. 7 at 2. Thus, the accommodations request was made no later than April 2, 2020. Plaintiff filed their original complaint on April 13, 2023, which is in excess of two years from the alleged discriminatory occurrence. ECF No. 1-1.

Further, to the extent Plaintiffs argue a "continuing violation" of the FHA they must demonstrate "not just one incident of" violative conduct "but an unlawful practice that continues into the limitations period." *Havens*, 455 U.S. at 381. As explained in *Silver State Fair Housing Council, Inc. v. ERGS, Inc.*, "[u]nder the continuing violation doctrine, a plaintiff's complaint will not be time-barred if the defendant's related wrongful acts continue into the statute of limitations time frame. As a consequence, the statute of limitations only begins to run ... upon the last act in a series of related wrongful acts." 362 F.Supp.2d 1218, 1221 (D. Nev. 2005) (citation omitted). There is an important distinction between a continuing violation and ongoing effects from an original violation. *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008). The effects from that original discriminatory act are not enough to reset the statute of limitations under the FHA. *Id.* ("[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.") (brackets in original; internal citations omitted).

The allegations in Plaintiffs' SAC, even liberally construed, describe a single discriminatory event—the denial of requested accommodations sometime between January 3 and April 2, 2020. ECF No. 5 at 7. Plaintiffs' original complaint was filed on April 13, 2023, substantially more than two years after the discriminatory event occurred. Plaintiffs pleads no facts supporting the inference that there was continuing discrimination based on disability. Plaintiffs identifies no event supporting a subsequent discriminatory act that would reset the two-year statute of limitations under the FHA. Rather, the facts alleged demonstrate any harmful effects suffered by Plaintiffs are traceable to the accommodation denial in early 2020, which is insufficient to reset the limitations clock. *See Jafri v. Chandler LLC*, 970 F.Supp.2d 852, 865 (N.D. Ill. 2013) ("the continuing violation doctrine does not apply if the only thing that occurred within the limitations period was the continuing harmful effects felt by the plaintiff as a result of an allegedly discriminatory practice that had been completed prior to the limitations period") (internal citation omitted).

Because Plaintiffs FHA disability discrimination was filed after the statute of limitations ran on the claim, the Court recommends this claim against AHR be dismissed with prejudice.

E.    <u>The Court Recommends Plaintiffs' Sex Discrimination Claim Under the Fair Housing Act Against AHR be Dismissed With Prejudice</u>.

The Court also notes Plaintiffs' allegations that an unnamed agent of AHR sexually harassed Plaintiffs. ECF No. 7 at 2. The FHA prohibits discrimination based on sex. 42 U.S.C. §§ 3604(b)-(c); *Torres v. Rothstein*, Case No. 2:19-cv-00594-APG-EJY, 2020 WL 7696084, at *3 (D. Nev. Dec. 26, 2020). Although sexual harassment is not explicitly addressed in the FHA, "it is beyond question that sexual harassment is a form of discrimination." *Torres*, 2020 WL 7696084, at *3, *citing Beliveau v. Caras*, 873 F. Supp. 1393, 1397 (C.D. Cal. 1995); 24 C.F.R. § 100.600 (regulations on sexual harassment as a form of discrimination).

The Department of Housing and Urban Development ("HUD") identifies two forms of sexual harassment: *quid pro quo* and hostile environment. 24 C.F.R. § 100.600(a); *see Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 752 (1998)). Plaintiffs attempt to assert a sexual harassment claim, which requires they plead "unwelcome conduct that is sufficiently severe or pervasive as to interfere with" the "availability, sale, rental, or use or enjoyment of a dwelling" or "the terms,

conditions, or privileges of the sale or rental." 24 C.F.R. § 100.600(a)(2). An analysis of whether a hostile environment exists considers "the nature of the conduct, the context in which the incident(s) occurred, the severity, scope, frequency, duration, and location of the conduct, and the relationships of the persons involved." *Id.* § 100.600(a)(2)(i)(A).

When very liberally construed, Plaintiffs assert two events in support of an FHA sexual harassment claim. Plaintiffs claim they sent joint correspondence to AHR that when responded to were addressed only to Plaintiff Ronald Brown. ECF No. 7 at 2. Plaintiffs also claim renewal lease amounts offered by AHR corresponded with their wedding anniversary and Mrs. Brown's birthdate. *Id*. The facts offered by Plaintiffs regarding these events fail to support a conclusion of severity, frequency, duration, content or scope of sexual acts that would sufficiently state a sexual environment claim. The acts, at best, are so far attenuated from sex that in the absence of anything more they cannot reasonably be viewed as sexual in nature. In sum, the facts are simply insufficient to demonstrate a facially claim that AHR engaged in sexual harassment.

This is Plaintiffs third attempt to plead their sexual harassment claim. Thus, Plaintiffs were afforded multiple opportunities to file a complaint containing sufficient facts to state this claim. Based on the foregoing, the Court a fourth opportunity to state a sexual harassment claim is not reasonable. The Court recommends dismissal of Plaintiffs sexual environment FHA claim be dismissed with prejudice.

F. The Court Recommends Denying Supplemental Jurisdiction Over Plaintiffs' Potential State Law Claims.

Plaintiffs appear to accuse AHR and Mr. Singelyn of violating their lease agreement. A breach of the lease is a contract claim that arises under state law. The Court cannot exercise supplemental jurisdiction over this claim because Plaintiffs' allegations fail to give rise to a cognizable federal law claim. 28 U.S.C. § 1367(c)(3); *see Iseli v. State of California*, Case No. 2:22-cv-02171-CKD P, 2023 WL 2227089, at *2 (E.D. Cal. Feb. 24, 2023) ("[A District] court only has supplemental jurisdiction over state law claims once a federal claim is properly alleged."). For this reason, the Court recommends Plaintiffs' breach of lease state law claim be dismissed without prejudice so that Plaintiffs may, if they so choose, pursue this claim in state court.

III.    **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that all claims asserted by Plaintiffs against Towne Properties and Kim Brown be dismissed with prejudice as the Court lacks personal jurisdiction over these named defendants.

IT IS FURTHER RECOMMENDED that Plaintiffs' claim against David Singelyn under the Fair Housing Act be dismissed with prejudice because this claim fails as a matter of law.

IT IS FURTHER RECOMMENDED that Plaintiffs' claim of disability discrimination under the Fair Housing Act against Defendant American Homes 4 Rent be dismissed with prejudice because this claim is barred by the statute of limitations.

IT IS FURTHER RECOMMENDED that Plaintiffs' claim of sex discrimination under the Fair Housing Act against Defendant American Homes 4 Rent be dismissed with prejudice .

IT IS FURTHER RECOMMENDED that Plaintiffs' state law claims be dismissed without prejudice so they may pursue this claim in state court.

DATED this 16th day of May, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).