UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald A. Brown, Sr., | Case No.: 2:23-cv-00556-JAD-EJY |
| Plaintiff | |
| v. | **Order Adopting Reports and Recommendations and Dismissing and Closing Case** |
| American Homes 4 Rent, et al., | |
| Defendants | [ECF Nos. 5, 6, 8, 10, 13] |

Tenants in an Ohio residence sue their property-management company and its principals for Fair Housing Act (FHA) violations and state-law claims, seeking $5 million and injunctive relief. The magistrate judge has screened their amended complaint and recommends dismissal because these pro se plaintiffs have failed to state a viable FHA claim, they've pled no facts to support this court's exercise of personal jurisdiction over the property-management principals in Ohio, and this court should decline supplemental jurisdiction over any remaining state-law claims.[1] And with the likelihood this case will be dismissed, the magistrate judge denied the tenants' motion for appointment of counsel.[2] They object to the dismissal recommendation[3] and the order denying counsel.[4] Because I find that the magistrate judge's recommendation and order are sound and the plaintiffs have not established otherwise, I affirm the magistrate judge's decisions, overrule the objections, and dismiss this case.

---

[1] ECF No. 8. Because the plaintiffs are proceeding *in forma pauperis*, the magistrate judge also screened the original complaint and dismissed it with leave to amend and instructions for curing the pleading's deficiencies. *See* ECF No. 5. The plaintiffs filed an amended complaint. ECF No. 7.

[2] ECF No. 12 (order denying counsel).

[3] ECF No. 10.

[4] ECF No. 13.

**Analysis**

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court" (like a request for court-appointed counsel) or to recommend how the district judge should rule on a dispositive issue (like dismissal).[5] When a litigant challenges a magistrate judge's ruling on a non-dispositive matter, the district judge may reconsider that ruling "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[6] This standard of review "is significantly deferential" to a magistrate judge's determination[7] and requires "a definite and firm conviction that a mistake [of fact] has been committed"[8] or a relevant statute, law, or rule has been omitted or misapplied.[9] When a litigant objects to a magistrate judge's report and recommendation on a dispositive issue, the district judge's review is instead de novo.[10]

**A.    The district court overrules the tenants' objections and affirms the magistrate judge's dismissal recommendations.**

Plaintiffs Ronald A. Brown, Sr. and Tonya L. Brown object to the magistrate judge's dismissal recommendation because they "have a pending complaint with [Housing and Urban Development (HUD)] filed March 15, 2003, on the same matters in [their] amended complaint presently before the court. Therefore, the court should not disturb the pending decision of

---

[5] 28 U.S.C. § 636 (b)(1); Local Rule (L.R.) IB 3-1.

[6] L.R. IB 3-1(a).

[7] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[8] *Id.* (internal quotation marks omitted).

[9] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[10] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b).

HUD."[11]  But the Browns do not explain how or why the dismissal of this lawsuit will "disturb" the progress of their HUD complaint, and no such relationship is apparent.  The defects in the instant case that compel dismissal are fundamental—this court can't exercise personal jurisdiction over two of the four defendants, their FHA claims are time-barred or fail to state a claim after multiple amendments, and it is unwise for this court to exercise supplemental jurisdiction over any of their state-law claims—and the Browns make no effort to address these problems in their objection.  Having reviewed the magistrate judge's report and recommendation for dismissal and the Browns' objection de novo, I, too, find that dismissal is appropriate.  So I overrule the objection[12] and adopt the dismissal recommendations.[13]

### B. The Browns have not shown that that the magistrate judge's denial of counsel was clearly erroneous or contrary to law.

Like many litigants representing themselves, the Browns asked the court to find and appoint them a free lawyer to handle their case.[14]  The magistrate judge denied that motion without prejudice as premature because she had recommended this case be dismissed and the Browns' objection to that recommendation was pending.[15]  They challenge that determination,

---

[11] ECF No. 10 (cleaned up).  They also objected to the magistrate judge's report and recommendation dismissing their initial complaint, stating simply that they had "filed an amended complaint to correct the defects of the original complaint."  ECF No. 6 (cleaned up).  Because the amended complaint remains subject to dismissal for the reasons I explain herein, that objection is also overruled.

[12] *Id*.

[13] ECF No. 8.  In the objection, the Browns also state that "Plaintiffs are located in Ohio and therefore request [a] hearing by telephone on this matter."  ECF No. 10.  The request was separately docketed as a motion for hearing.  Because the court does not find that a hearing is necessary, and Local Rule 78-1 provides that "[a]ll motions may be considered and decided with or without a hearing," the request for a hearing is denied.

[14] ECF No. 11.

[15] ECF No. 12.

explaining that they "have not been able to locate an attorney for representation to have their complaint properly presented before the court" and, because they live in Ohio, "it is more difficult for" them to do so.[16]

Having reviewed the magistrate judge's order in light of the Browns' "objection," I affirm it. Litigants don't have a constitutional right to appointed counsel in lawsuits like this one. Because the court cannot pay for lawyers to represent people who file lawsuits, it must rely on attorneys to volunteer to accept these assignments on their own time or a *pro bono* basis. Few lawyers are willing to take on this responsibility, so this resource is a thin and finite one. The court will thus find and appoint counsel for indigent civil litigants only in "exceptional circumstances."[17]

"When determining whether 'exceptional circumstances' exist," the first thing the court must consider is "the likelihood of success on the merits."[18] By the time the magistrate judge denied the Browns' motion for court-appointed counsel, she had already recommended that this case be dismissed and closed, so the likelihood of success on the merits of these claims was extremely low. That was reason enough to deny their motion for counsel. I thus cannot say that the magistrate judge's decision to deny counsel was clearly erroneous or contrary to law, and I overrule the Browns' objection and affirm the magistrate judge's order.

---

[16] ECF No. 13 (cleaned up). Although the Browns' challenge to this ruling is captioned as an "objection," it is more properly treated as an appeal, *see* L.R. IB 3-1(a), so I review the order for clear error.

[17] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

[18] *Id.*

## Conclusion

IT IS THEREFORE ORDERED THAT

- The request for hearing **[ECF No. 10] is DENIED.**

- The reports and recommendations for dismissal **[ECF Nos. 5, 8] are ADOPTED** and the objections to them **[ECF Nos. 6, 9] are OVERRULED**.

- The objection to/appeal from the magistrate judge's denial of the motion for appointment of counsel **[ECF No. 13] is OVERRULED/DENIED,** and the order denying without prejudice the motion to appoint counsel **[ECF No. 12] is AFFIRMED.**

- All claims against Towne Properties and Kim Brown are dismissed for want of personal jurisdiction;

- The Fair Housing Act claims are dismissed with prejudice; and

- Any remaining state-law claims are dismissed because the court declines to exercise supplemental jurisdiction over them.

- Because this ruling results in the dismissal of all claims, the Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
August 2, 2023